FILED
18 APR 18 AM 9:33

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-09915-3 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| AMERICAN AUTOMOBILE INSURANCE COMPANY, a Missouri corporation, as subrogee of Bruce and Natalie Elert,<br><br>Plaintiff,<br><br>v.<br><br>PERFORMANCE COATINGS, INC., a California corporation,<br><br>Defendant. | No.<br><br>**COMPLAINT FOR DAMAGES** |

COMES NOW Plaintiff American Automobile Insurance Company ("American"), as subrogee of Bruce and Natalie Elert ("the Elerts"), by and through its attorneys, and complains against Defendant Performance Coatings, Inc., a California corporation, doing business as Penofin ("Penofin") as follows:

## PARTIES

1. At all relevant times, American was and is a corporation duly organized under the laws of Missouri with its principal place of business in Missouri and was and is authorized to do business in Washington. At all relevant times, American provided insurance coverage to the Elerts for their property in Mercer Island in case of fire or other casualty.

COMPLAINT FOR DAMAGES - 1

LAW OFFICES OF
COZEN O'CONNOR
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
WELLS FARGO CENTER
SEATTLE, WASHINGTON 98104
(206) 340-1000

2. Upon information and belief, at all relevant times, Penofin was and is a company duly organized under the laws of California with its principal place business in California.

## JURISDICTION AND VENUE

3. American realleges all preceding paragraphs as though fully set forth herein.

4. This lawsuit arises from a fire that occurred at a property owned by the Elerts, which was located at 8806 Southeast 59th Street, Mercer Island, Washington 98040.

5. Jurisdiction is proper in this Court pursuant to RCW 2.08.010.

6. Venue is proper in this Court pursuant to RCW 4.12.020.

## FACTUAL ALLEGATIONS

7. American realleges all preceding paragraphs as though fully set forth herein.

8. On May 5, 2015, a fire erupted in the garage of the Elerts' property and caused extensive damage to the structure and the contents therein.

9. Mr. Elert had been performing staining work around the property close in time to the fire.

10. In performing his work, Mr. Elert used a product manufactured and distributed by Penofin known as Penofin Verde wood finish.

11. Subsequent investigation revealed that the fire was caused by the spontaneous combustion of stain rags used in applying the Penofin Verde wood finish.

12. Mr. Elert was using the quart-sized can of Penofin Verde wood finish. Penofin also distributed this product in a gallon-sized container.

13. The quart-sized can of Penofin Verde wood finish lacked warnings contained on the gallon-sized container of Penofin Verde wood finish.

14. The warnings and instructions on the quart-sized can of Penofin Verde wood finish were inadequate.

COMPLAINT FOR DAMAGES - 2

LAW OFFICES OF
COZEN O'CONNOR
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
WELLS FARGO CENTER
SEATTLE, WASHINGTON 98104
(206) 340-1000

15. Following the fire, the Elerts submitted a claim for property damages to their insurer, American, for the damage pursuant to their policy of insurance.

12. American has paid for the damage to the Elerts' property pursuant to its obligations under the policy of insurance.

13. American is, therefore, equitably, contractually, and legally subrogated to the rights and remedies that its insured, the Elerts, may have against culpable third parties.

14. Because of Penofin's acts and/or omissions, American has incurred damages in an amount to be proven at trial—currently estimated to exceed $1,500,000.

## FIRST CAUSE OF ACTION: STRICT PRODUCTS LIABILITY

### (Defective Design and Failure to Warn)

15. American realleges all preceding paragraphs as though fully set forth herein.

16. As subrogee of its insured, American is properly classified as a "claimant" under RCW 7.72.010(5) for purposes of this lawsuit.

17. Penofin is a "product seller" as defined in RCW 7.72.010(1) as it was in the business of selling wood stain to consumers.

18. Penofin is a "manufacturer" as defined in RCW 7.72.010(2) as it designed, produced, made, fabricated, constructed, or remanufactured or sold under its trade name the quart-sized can of Penofin Verde wood finish.

19. The quart-sized can of Penofin Verde wood finish is a "product" and a "relevant product" as defined in RCW 7.72.010(4).

20. The foreseeable use of the product with rags presents a unique and latent hazard of spontaneous combustion due to its chemical formulation. The Penofin product was unreasonably dangerous as designed.

21. Penofin is strictly liable for the fire and resulting damage as the quart-sized can of Penofin Verde wood finish was not reasonably safe because adequate warnings and

COMPLAINT FOR DAMAGES - 3

LAW OFFICES OF
COZEN O'CONNOR
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
WELLS FARGO CENTER
SEATTLE, WASHINGTON 98104
(206) 340-1000

instructions were not provided, displayed, and/or located in such a manner as to sufficiently warn and instruct users of the risk of fire connected with foreseeable use of the product.

22. The warnings and instructions provided with the quart-sized can of Penofin Verde wood finish was not adequate because the likelihood that it could cause a fire or similar harms and the seriousness of those harms rendered the warnings and instructions regarding the risk of fire and improper disposal inadequate. The inadequacy of the warnings and instructions rendered the product not reasonably safe.

23. Alternatively, the quart-sized can of Penofin Verde wood finish was unsafe to an extent beyond that which would be contemplated by the ordinary user. The inadequate warnings and instructions concerning the risk of fire and improper disposal rendered the product not reasonably safe.

24. Penofin's defective design and failure to provide adequate warnings and instructions proximately caused American to incur damages in an amount to be proven at trial—currently estimated to exceed $1,500,000.

## SECOND CAUSE OF ACTION: STRICT PRODUCTS LIABILITY

### (Failure to Warn After Manufacture)

25. American realleges all preceding paragraphs as though fully set forth herein.

26. Penofin is strictly liable for the fire and resulting damage as the quart-sized can of Penofin Verde wood finish was not reasonably safe because adequate warnings and instructions were not provided after the manufacture of the product.

27. Penofin knew or a reasonably prudent manufacturer should have learned of the risk of fire and improper disposal connected with quart-sized can of Penofin Verde wood finish.

28. Penofin was under a duty to act as a reasonably prudent manufacturer under similar circumstances and to exercise reasonable care in warning product users.

COMPLAINT FOR DAMAGES - 4

LAW OFFICES OF
COZEN O'CONNOR
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
WELLS FARGO CENTER
SEATTLE, WASHINGTON 98104
(206) 340-1000

29. Penofin's failure to provide adequate warnings and instructions after manufacture proximately caused American to incur damages in an amount to be proven at trial—currently estimated to exceed $1,500,000.

## PRAYER FOR RELIEF

WHEREFORE, American prays for judgment against Penofin as follows:

A. For damages to property in an amount to be proven at the time of trial;

B. For American's costs and expenses incurred herein;

C. For any reasonable attorneys' fees as allowed by law;

D. For prejudgment interest as allowed by law from the date of the incident up until the time judgment is rendered herein; and

E. For such other and further relief as the Court deems just and equitable in the circumstances.

DATED this 18th day of April, 2018.

COZEN O'CONNOR

By: _____
Mark S. Anderson, WSBA #17951
Avin Singh, WSBA #51759
Attorneys for Plaintiff

COMPLAINT FOR DAMAGES - 5

LAW OFFICES OF
COZEN O'CONNOR
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
WELLS FARGO CENTER
SEATTLE, WASHINGTON 98104
(206) 340-1000